# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| ZACHARY ROBINSON, ) ) Plaintiff, ) ) v. ) ) ) CARVANA, LLC ) ) Defendant. ) | Case No. _____ Jury Demanded |

## COMPLAINT

Plaintiff, Zachary Robinson, for his Complaint against Defendant, Carvana, LLC, avers as follows:

### Nature of Action

1. This is a civil action seeking equitable and monetary relief for injuries suffered and sustained by Plaintiff because of unlawful discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*

### Jurisdiction and Venue

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

3. Plaintiff has exhausted all administrative remedies and conditions precedent to the filing of this action.

4. Plaintiff timely files this action within ninety days of her receipt of a notice from the Equal Employment Opportunity Commission ("EEOC") of her right to sue under Title VII.

5. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims arising under the Tennessee Human Rights Act ("THRA"), 4-21-101, et seq.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b), because the events and omissions giving rise to this action occurred in this judicial district.

7. Parties

8. Plaintiff, Zachary Robinson, is a citizen of Tennessee and resident of Knox County, Tennessee.

9. Defendant, Carvana, LLC ("Carvana"), is an Arizona limited liability company based in Tempe, Arizona, and registered to do business in Tennessee. Defendant Carvana may be served with process through its registered agent, Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203-1312.

10. Defendant Carvana is an "employer" within the meaning of, and subject to, Title VII and the THRA.

Facts

11. Defendant Carvana is an online used car retailer known for its multi-story car vending machines.

12. Defendant Carvana operates inspection centers throughout the United States, including the Knoxville, Tennessee hub, where it employs personnel to inspect and clean vehicles.

13. Plaintiff is a young Black man who wears his hair dreadlocks, a natural hairstyle deeply rooted in and associated with the African race, history, and culture.

14. Defendant Carvana contracts with KNA Solutions, a staffing agency, to hire employees to work in the Knoxville hub.

15. KNA assigned Plaintiff to work as a Lot Attendant at Carvana's Knoxville hub in March 2021, where he reported to Jaclyn Clifford (Carvana's Market Operations Manager).

16. From the outset Ms. Clifford treated Plaintiff with disdain, favored white workers in assigning work tasks, and subjected Plaintiff to racial epithets, including pejorative statements regarding Plaintiff's dreadlocks.

17. Over the ensuing months, Defendant Carvana internally advertised direct employment opportunities for the position of Customer Delivery Advocate in the Knoxville hub.

18. Plaintiff applied at least seven separate times to become a Customer Delivery Advocate, but each time he was passed over in favor of less qualified white co-workers.

19. Defendant Carvana claims to maintain a policy whereby KNA employees like Plaintiff must work 500 hours for Carvana before being eligible for direct employment.

20. In practice, however, employment decisions rested solely in the discretion of Jacklyn Clifford and, on multiple occasions, the white co-workers promoted to direct employment by Ms. Clifford did not meet the 500-hour requirement either.

21. Additionally, Ms. Clifford was overheard by a co-worker commenting that Plaintiff would never be promoted or hired directly because his dreadlocks did not fit "Carvana's image."

22. On July 16, 2021, Plaintiff was informed by KNA Solutions that Carvana terminated his employment due to behavioral issues, which was purely pretextual.

23. The real reason Plaintiff was terminated and not considered for full-time direct employment was because of his race.

## Count I – Title VII

24. Plaintiff incorporates by reference the allegations contained in Paragraphs 1–22 as if set forth fully herein.

25. Plaintiff is a member of class protected under Title VII.

26. Defendant refused to hire and promote Plaintiff because of his race in violation of Title VII.

27. Defendant terminated Plaintiff's continued employment through KNA Solutions because of his race in violation of Title VII.

30. As a direct and proximate result of Defendant's unlawful discrimination, Plaintiff has suffered lost wages and benefits, for which Defendant is now legally liable.

34. As a direct and proximate result of Defendant's unlawful discrimination, Plaintiff has suffered, among other injuries, humiliation, embarrassment, and emotional distress.

35. Plaintiff is entitled to reasonable attorney's fees and costs stemming from the foregoing violations of Title VII.

## Count I – THRA

35. Plaintiff incorporates by reference the allegations contained in Paragraphs 1–34 as if set forth fully herein.

36. Plaintiff is a member of class protected under the THRA.

37. Defendant refused to hire and promote Plaintiff because of his race in violation of THRA.

38. Defendant terminated Plaintiff's continued employment through KNA Solutions because of his race in violation of the THRA.

39. As a direct and proximate result of Defendant's unlawful discrimination, Plaintiff has suffered lost wages and benefits, for which Defendant is now legally liable.

40. As a direct and proximate result of Defendant's unlawful discrimination, Plaintiff has suffered, among other injuries, humiliation, embarrassment, and emotional distress.

41. Plaintiff is entitled to reasonable attorney's fees and costs stemming from the foregoing violations of the THRA.

## Prayer for Relief

WHEREFORE, Plaintiff, Zachary Robinson, respectfully prays for relief as follows:

1. That summons issue and Defendant be required to answer this Complaint within the time prescribed by the Federal Rules of Civil Procedure;

2. That Plaintiff be awarded damages in the amount of wages, salary, employment benefits and other compensation, including, but not limited to back pay and front pay (or reinstatement), plus prejudgment interest; compensatory damages for emotional distress, and punitive damages for Defendant's intentional indifference to Plaintiff's federally-protected rights;

3. That Plaintiff be awarded reasonable attorneys' fees and costs in an amount to be determined by the Court;

4. That Plaintiff be awarded such other legal and equitable relief to which she may be entitled; and

5. Plaintiff demands a Jury to try this cause.

Respectfully submitted,

/s/ *Ursula Bailey*
Ursula Bailey (TN Bar # 020616)
LAW OFFICES OF URSULA BAILEY
422 S. Gay Street, Suite 301
Knoxville, TN 37902
Phone: (865) 522-9942
Fax: (865) 522-9945
E-mail: ubailey65@gmail.com

**Counsel for Plaintiff**